UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MONTAGNINO and
SUSAN MONTAGNINO,

    Plaintiffs,

-VS-                                    CASE NO.:

SRA ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, John Montagnino and Susan Montagnino, by and through the undersigned counsel, and sues Defendant, SRA ASSOCIATES, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SRA ASSOCIATES, LLC (hereinafter "Defendant") from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Hernando County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Hernando County, Florida.

10. Plaintiffs are "consumer(s)" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiffs are "alleged debtor(s)"

12. Plaintiffs are the "called party(ies)" See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant is a corporation with its principal place of business located at 401 Minnetonka Road, Hi-Nella, New Jersey, 08083 and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida, 32301.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. Defendant called Plaintiffs on Plaintiffs' cellular telephones approximately two hundred (200) times in an attempt to collect a debt.

17. Defendant attempted to collect an alleged debt from the Plaintiffs by this campaign of telephone calls.

18. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

20. Plaintiffs can testify that they knew the Defendant was calling using an autodialer because they heard a pause when they answered their cellular telephones before a voice came on the line.

21. Plaintiffs will also testify that they knew the defendant was calling using an autodialer because they were the victims of "abandoned" calls where there was no agent available to take the robo-call after Plaintiffs picked up the telephone call from Defendant.

22. Plaintiffs were also the recipient of prerecorded messages from the Defendant

23. Plaintiffs believe the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

24. Plaintiff, John Montagnino, is the subscriber, regular user and carrier of the cellular telephone number (352) ***-3372, and was a called party and recipient of Defendant's calls.

25. Plaintiff, Susan Montagnino, is the subscriber, regular user and carrier of the cellular telephone number (352) ***-3499, and was a called party and recipient of Defendant's calls.

26. Defendant placed an exorbitant number of automated calls to Plaintiffs' cellular telephones (352) ***-3372 and (352) ***-3499 in an attempt to collect on an automobile loan.

27. Upon receipt of the calls from the Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (888) 773-0479.

28. On several occasions over the last year, Plaintiffs instructed Defendant's agent(s) to stop calling their cellular telephones.

29. On or about March of 2018, Plaintiff, John Montagnino, answered a telephone call from the Defendant and stated: "Why are you calling me, I do not owe you any money, please stop calling me."

30. Subsequent to that date, Plaintiff, John Montagnino, answered a telephone call from the Defendant and stated: "Stop calling me, your information is incorrect, we don't owe you anything."

31. On or about April of 2018, Plaintiff, Susan Montagnino, answered a telephone call from the Defendant and told them: "Stop, we don't know who you are, we don't owe anyone any money, please stop calling us."

32. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiffs' cellular telephones in this case.

33. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiffs' cellular telephones in this case, with no way for the consumer, or Defendant, to remove the number.

34. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite these individuals explaining to Defendant they wish for the calls to stop.

35. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

36. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

37. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

38. Defendant's corporate policy provided no means for the Plaintiffs to have their numbers removed from the call list.

39. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

40. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

42. From each and every call placed without express consent by Defendant to Plaintiffs' cellular phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

43. From each and every call without express consent placed by Defendant to Plaintiffs' cellular phones, Plaintiffs suffered the injury of the occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's call.

44. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time he spent on the call was unnecessary as they

had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

45. Each and every call placed without express consent by Defendant to Plaintiffs' cellular phones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by Defendant to Plaintiffs' cellular phones resulted in the injury of unnecessary expenditure of Plaintiffs' cellular phones' battery power.

47. Each and every call placed without express consent by Defendant to Plaintiffs' cellular phones where a voice message was left which occupied space in Plaintiffs' phones or networks.

48. Each and every call placed without express consent by Defendant to Plaintiffs' cellular phones resulted in the injury of a trespass to Plaintiffs' chattels, namely their cellular phones and their cellular telephone services.

49. As a result of the calls described above, JOHN MONTAGNINO suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and aggravation.

50. As a result of the calls described above, SUSAN MONTAGNINO suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and aggravation.

### COUNT I
### (Violation of the TCPA)

51. Plaintiffs fully incorporate and re-allege paragraphs one (1) through fifty (50) as if fully set forth herein.

52. Defendant willfully violated the TCPA with respect to the Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' cellular telephones after Plaintiffs notified Defendant that they wished for the calls to stop.

53. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against SRA ASSOCIATES, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

54. Plaintiffs fully incorporate and re-allege paragraphs one (1) through fifty (50) as if fully set forth herein.

55. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtors or any member of their family with such frequency as can reasonably be expected to harass the debtors or their family.

57. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtors or any member of their family.

58. Defendant's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against SRA ASSOCIATES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

59. Plaintiffs fully incorporate and re-allege paragraphs one (1) through fifty (50) as if fully set forth herein.

60. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

61. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

63. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against SRA ASSOCIATES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
*Attorney for Plaintiff*